**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TIM HENRY                                                                    PLAINTIFF

v.                                         3:07-CV-00158-WRW

THE PREMCOR REFINING GROUP, INC.,
A Corporation                                                               DEFENDANT

_____

THE PREMCOR REFINING GROUP, INC.,
A Corporation                                                    THIRD-PARTY PLAINTIFF

v.

FLASH OIL COMPANY OF ARKANSAS, INC.,
A Corporation                                          THIRD-PARTY DEFENDANT

<u>ORDER</u>

Pending is Third-Party Plaintiff's Motion for Partial Summary Judgment (Doc. No. 55).

Third-Party Defendant has responded.[1] For the reasons set out below, Third-Party Plaintiff's

motion is GRANTED in PART and DENIED in PART.

**I.      BACKGROUND**

Plaintiff Tim Henry ("Henry") brought this action in the Circuit Court of Crittenden

County, Arkansas.[2] Henry alleged injuries resulting from an accident on January 2, 2005, and

claimed that Defendant Premcor Refining Group ("Premcor") failed to maintain its premises in a

proper condition.[3] Premcor removed[4] this case on October 30, 2007. Premcor filed a Third-Party

_____

[1]Doc. No. 61.

[2]Doc. No. 2.

[3]*Id.*

[4]Doc. No. 1.

Complaint[5] on June 18, 2008, against Third-Party Defendant Flash Oil Company of Arkansas ("Flash") on a breach of contract theory. Premcor's original Third-Party Complaint[6] alleged that a carrier access agreement between Premcor and Flash provided for indemnity and insurance coverage applicable to Henry's claim for damages against Premcor. Attached to Premcor's original Third-Party Complaint was an undated "exemplar" agreement.[7]

In its October 13, 2008, Motion to Dismiss,[8] Flash argued that: (1) Premcor cannot prove the terms of a contract because no written contract exists; and (2) the indemnity language of the "exemplar" agreement did not require Flash to indemnify Premcor against "Premcor's sole negligence." In response, Premcor deposed Ms. Renata Nix, a corporate representative of Flash. Ms. Nix produced a dated Carrier Responsibility Agreement ("CRA") and testified that the agreement was in effect at the time of the alleged accident. On November 7, 2008, I denied Flash's Motion to Dismiss "because a contract does exist between the parties."[9]

On October 31, 2008, Premcor filed an Amended Third-Party Complaint[10] against Flash and attached the CRA.[11]

---

[5]Doc. No. 22.

[6]*Id.*

[7]*Id.* (Exhibit B).

[8]Doc. No. 28.

[9]Doc. No. 49.

[10]Doc. No. 44.

[11]Doc. No. 44 (Exhibit C).

Henry and Premcor notified the Court that all claims brought by Henry against Premcor have been settled, and these claims were summarily dismissed with prejudice;[12] however, Premcor's third-party claims against Flash still must be resolved.

On April 10, 2009, Premcor filed the Motion for Partial Summary Judgment and contends that (1) a contract, embodied in the CRA, was formed between the parties; (2) the CRA contained a second page that included language requiring Flash to list Premcor as an additional insured; and (3) Flash breached the contract by not listing Premcor as an additional insured.[13]

## II.    STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[14] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[15]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[16] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[17] I must view the facts in the light most

---

[12]Doc. No. 54.

[13]Doc. No. 56.

[14]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[16]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[17]*Id.* at 728.

favorable to the party opposing the motion.[18] The Eighth Circuit has also set out the burden of

the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[19]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[20]

## III.   DISCUSSION

### A.  Enforceable Contract

Premcor contends that the eight-page CRA constitutes a valid contract between the

parties.[21] As an initial matter, I have already ruled that a contract exists between Premcor and

Flash,[22] but Flash continues to argue to the contrary.[23] I have again reviewed the CRA, and find,

again, that the parties entered into a contract. Premcor's representative, Mr. Steve Fite, sent the

CRA to Flash on February 20, 2003. One week later, Flash's Vice-President, Mr. Patrick Stoner,

filled out page one of the CRA, signed Exhibits A and B to the CRA on pages four and eight,

---

[18]*Id.* at 727-28.

[19]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[20]*Anderson*, 477 U.S. at 248.

[21]Doc. No. 56.

[22]See Doc. No. 49 ("Flash's first argument is baseless because a contract does exist between the parties.").

[23]Doc. No. 61.

and returned the CRA to Premcor.[24] The parties began performing under the contract.[25]  In addition, Ms. Nix testifed that the CRA was in effect at the time of Henry's accident.[26] Premcor argues that Flash "has not and cannot present any evidence that another CRA superseded the February 27, 2003, agreement prior to January 2, 2005." I agree. Accordingly, Premcor's motion, as it relates to a valid contract embodied in the CRA, is GRANTED.

### B.  "Missing Second Page"

Premcor next seeks summary judgment on whether the CRA "contained a missing second page that included an insurance requirement." Attached to Mr. Steve Fite's affidavit is an exact copy of the missing second page. But this copy of the "missing second page" is blank and unsigned. As Flash points out, "Premcor cannot produce an authenticated copy of this agreement" and "a term, or an entire page, left out from an agreement cannot be a part of that agreement."[27] Because no one has produced a signed copy of the second page, there is a material fact in dispute regarding whether the second page was considered by Flash and part of the contract. Therefore, Premcor's summary judgment motion is DENIED with respect to the "missing second page."

### C.  Additional Insured

Premcor contends that Flash's failure to add Premcor as an additional insured breaches the parties' agreement. Because I denied summary judgment as to the "missing second page,"

---

[24]Doc. No. 57 (Attachment B to Exhibit A).

[25]Doc. No. 56.

[26]Doc. No. 58 (Exhibit A).

[27]Doc. No. 61.

summary judgment on whether Premcor breached the "additional insured" provision on the second page is also DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Third-Party Plaintiff's Motion for Partial Summary Judgment (Doc. No. 55) is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED this 24th day of April, 2009.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE