IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TIM HENRY                                           PLAINTIFF

VS.                          CASE NO. 3:07CV00158 WRW

THE PREMCOR REFINING GROUP, INC.                    DEFENDANT

---

THE PREMCOR REFINING GROUP, INC.        THIRD PARTY PLAINTIFF

VS.

FLASH OIL COMPANY OF ARKANSAS, INC.     THIRD PARTY DEFENDANT

ORDER

United States District Judge William R. Wilson, Jr., has referred the motion for leave to take depositions (docket entry no. 70) and the motion to compel discovery (docket entry no. 73) to the undersigned for resolution. Both motions were filed by third party defendant Flash Oil Company of Arkansas, Inc. ("Flash").

In an earlier Order the Court provided a summary of the case:

"On September 24, 2007, Plaintiff Tim Henry ("Henry") brought this action in the Circuit Court of Crittenden County, Arkansas. Henry alleges that Defendant Premcor Refining Group

1

("Premcor") failed to maintain its premises in a proper condition. Premcor removed this case on October 30, 2007, and filed its Answer on November 5, 2007. Premcor filed a Third-Party Complaint on June 18, 2008, against Third-Party Defendant Flash Oil Company of Arkansas ("Flash") on a breach of contract theory. Flash answered Premcor's Third-Party Complaint on September 2, 2008. Premcor's original Third-Party Complaint alleged that a carrier access agreement between Premcor and Flash provided for indemnity and insurance coverage applicable to Henry's claim for damages against Premcor. Attached to Premcor's original Third-Party Complaint was an undated "exemplar" agreement." See Court's Order, November 7, 2008. Docket entry no. 49.

On November 10, 2088, Henry filed a notice with the Court indicating that he had settled his claims against Premcor. Trial is now scheduled for October 13, 2009, to adjudicate the two issues raised by Premcor in its third party complaint against Flash; (1) whether Flash breached the Carrier Responsibility Agreement ("Agreement") by failing to maintain the required insurance, and (2) whether Flash is obligated to defend and indemnify Premcor for any damages incurred due to Henry's claim against Premcor. The indemnification includes any attorneys fee, according to Premcor.

Flash has previously sought dismissal of the case arguing that Premcor could not prove that a contract existed between the parties. The Court denied Flash's request, specifically finding that "a contract does exist between the parties. Flash has provided the Carrier Responsibility Agreement allegedly in effect at the time of the event." Docket entry no. 49, page 3.

**Motion for leave to take depositions:** Flash seeks the Court's permission to depose Angela Merideth and Stephen Goodwin, attorneys of record for Premcor. The indemnification

agreement provides for the recovery of attorneys' fees.[1]  Flash contends that it must depose Premcor's attorneys in order to prepare for trial.  Premcor opposes the motion, contending it is untimely and unnecessary.  Significantly, Premcor has identified an attorney, Scott Wilhite, who will testify as an expert regarding the reasonableness of the fees charged by Merideth and Goodwin.  Flash has identified Gregory T. Jones as its expert on these issues, and both Wilhite and Jones have already rendered their opinions regarding the attorney fees.  Since both parties have already addressed the issue of attorney fees, we find that deposing the attorneys at this point would not be beneficial in preparing for this trial.  Accordingly, the motion for leave of the Court to take depositions is denied.

**Motion to compel discovery:** Flash asks the Court to compel responses to Interrogatories and Requests for Production.  We consider this motion guided by Fed. R. Civ. P. 26(b)(1), and address the specific responses in the order in which they are presented in Flash's Brief in Support of Motion to Compel Discovery.  (Docket entry no. 74).

*A.     Interrogatory Nos. 5 & 6 and Requests for Production Nos. 10, 12, 13, 20, 21, 22, and 26:*     Premcor responded to all of these discovery requests by indicating that it possessed no documents and information responsive to the requests.  In addition, Premcor objected to these requests.  Flash now desires the Court to overrule Premcor's objections and order Premcor to "produce responsive documentation or acknowledge the lack thereof so that Flash may rely on its discovery at a trial of this matter."  Docket entry no. 74, page 8.  Simply put, Premcor has already

---

[1] The indemnification agreement allows the recovery of either actual attorneys' fees or reasonable attorneys' fees, depending upon which provision of the indemnification agreement is determined to control.  This dispute is the issue raised in a pending motion for summary judgment filed by Flash.

indicated that no documents and information are available. There is nothing to compel. Flash may rely on Premcor's response, and Premcor is vulnerable to sanctions if the response is untrue. The Court declines to rule on Premcor's objections when that issue is not before the Court due to the non-existence of the documents and information. The motion to compel Interrogatory Nos. 5 & 6 and Requests for Productions Nos. 10, 12, 13, 20, 21, 22 and 26 is denied.

      B.   *Request for Production No. 25:*   Flash seeks the document retention policies in place by Valero, the current owner of Premcor, for the period of March, 2003, through September, 2005. Premcor objected to the request generally, and specifically objected that the request sought information which was not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Valero purchased Premcor's assets in September of 2005. (The injury to Henry which led to the original complaint occurred on January 2, 2005.) Flash argues that Valero's policies are "necessary to determine whether Premcor should have had documents which would be both useful and probative in determining the existence and terms of any contractual relationship between Flash and Premcor." Docket entry no. 74, page 9. However, Valero's document retention policies prior to its purchase of Premcor is not relevant and would provide no insight into Premcor's documents or lack thereof during the pertinent time period. The motion to compel request for production no. 25 is denied.

      C.   *Request for Production No. 4:*   Flash seeks all correspondence between Flash and Premcor regarding (a) Premcor's anticipated purchase of the West Memphis terminal facility which is at issue from Williams Refinery, (b) Carrier Access Agreements or other similar agreements, and (c) Insurance including, but not limited to, any requirement that Flash list Premcor as an additional insured on Flash's insurance policy. Premcor objected on various

grounds but also indicated that it had already produced and/or provided responsive information to the request. As with the discovery requests under section A, there is nothing to compel. Flash may rely on Premcor's response, and Premcor is vulnerable to sanctions if the response is untrue. The Court declines to rule on Premcor's objections when that issue is not before the Court due to the non-existence of documents and information in addition to those already provided. The motion to compel request for production no. 4 is denied.

     D.  *Request for Production No. 15:*  Flash asks for all information contained on any computer or electronic files regarding Flash including, but not limited to, any customer or carrier information contained in the Fuel Facts program. Premcor objects that the request is overly broad, unduly burdensome, not limited in time or scope, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Flash now argues that it is entitled to know what electronic documents are in Premcor's possession because such information would be helpful in determining the existence, nature, scope and terms of any contractual arrangement between Premcor and Flash, including the carrier responsibility agreement. The Court has previously ruled that a carrier responsibility agreement exists. Docket entry no 49, page 3. The request of Flash for "all information contained on any computer or electronic files regarding Flash" is overly broad and the motion to compel is denied, in part, on that basis. The request is granted, however, with regard to information relating to the nature, scope and terms of the carrier responsibility agreement between Premcor and Flash.

     E.  *Requests for Production Nos. 5, 6, and 7.*  Request for Production no. 5 seeks each carrier access agreement between Premcor and all carriers using the West Memphis terminal in effect between February 27, 2003, and January 2, 2005. Request for Production no. 6 seeks a list

of all carriers who loaded product at the West Memphis terminal in January, 2005. Request for Production no. 7 seeks a list of all carriers who had access cards for the West Memphis terminal in January, 2005. Flash maintains that the information requested is necessary to determine the existence, nature, scope, and terms of the contractual relationship between Flash and Premcor. In addition, it is relevant, according to Flash, in order to determine whether Premcor maintained such carrier access agreements with other entities that it has been unable to produce with regards to Flash. Docket entry no. 74, page 12. This Court has, as previously noted, already determined that a contract exists between Premcor and Flash. The existence of agreements between Premcor and other entities would not shed light on the terms of the established agreement between Premcor and Flash. The motion to compel requests for production nos. 5, 6, and 7 is, therefore, denied.

     F.   *Requests for Production Nos. 8, 9, 23, and 24.*   Request no. 8 seeks production of a copy of the sale agreement between Williams Refinery and Premcor. Request no. 9 seeks production of a copy of the sale agreement between Premcor and Valero. Request no. 23 seeks production of all materials provided in the due diligence process prior to Premcor's sale of Williams Refinery to Valero, and request no. 24 seeks production of the table of contents for materials provided in the due diligence process when Premcor sold Williams Refinery to Valero. Flash urges that these requests are relevant in determining what information was sent to Flash and other carriers regarding the sale of the refinery as well as the existence of any potential contractual relationships between Flash and the new entities. Premcor counters that the relevant time period is the date of Mr. Henry's injury – January 2, 2005. In view of the Court's earlier ruling of a contractual relationship between Flash and Premcor, and in view of the date of the

injury, we find these requests seek information that is not relevant to the parties and events at issue. The motion to compel responses to these requests for production is denied.

   G. *Requests for Document Production Nos. 11 and 14.* Request no. 11 seeks the production of all reports which contain information regarding maintenance at the West Memphis terminal from the time of the first such report prepared through January, 2005. Request no. 14 seeks production of all reports which contain information regarding incidents or accidents at the West Memphis terminal from the time of the first such report prepared through January, 2005. Flash notes that the terms of the carrier responsibility agreement include a provision that Flash is not responsible for injuries caused by the sole negligence of Premcor. As a result, Flash claims that it is entitled to reports which may show Premcor was aware of other accidents and whether Premcor took steps to cure any hazards on the premises. Despite Premcor's claim of lack of relevance, we find the motion to compel these requests should be, and are, granted.

   H. *Request for Production No. 16 and Interrogatory No. 7:* Request no. 16 seeks production of computer or electronic files regarding Tim Henry, including but not limited to any customer or carrier information contained in the Fuel Facts program. Interrogatory no. 7 asks in what manner was Tim Henry provided a terminal access card and pin number. Although Premcor assumes that Flash would have its own knowledge of this information, the request and the interrogatory target discoverable information, and the motion to compel is granted with regard to section H.

   In summary, the motion for leave to take depositions (docket entry no. 70) is denied, and the to compel discovery (docket entry no. 73) is granted, in part, and denied, in part, as set forth herein.

IT IS SO ORDERED this __4__ day of September, 2009.

                                                                       UNITED STATES MAGISTRATE JUDGE