**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TIM HENRY                                                                                    PLAINTIFF

v.                                          3:07CV00158-WRW

THE PREMCOR REFINING GROUP, INC.                                    DEFENDANT

_____

THE PREMCOR REFINING GROUP, INC.                    THIRD-PARTY PLAINTIFF

v.

FLASH OIL COMPANY OF ARKANSAS, INC.            THIRD-PARTY DEFENDANT

<u>ORDER</u>

Pending is Third-Party Plaintiff's ("Premcor") Motion in Limine (Doc. No. 104).

Third-Party Defendant ("Flash Oil") has responded,[1] and Premcor has replied.[2] As set out below,

Premcor's Motion in Limine is GRANTED in part and DENIED in part.

Also pending is Third-Party Defendant's Motion to Clarify (Doc. No. 120). Premcor has

responded.[3] Flash-Oil's Motion to Clarify is GRANTED in that the two questions Flash Oil

asked in its Motion -- whether the Court or a jury will hear this case and whether the jury will

apportion fault -- are answered below.

---

[1]Doc. No. 111.

[2]Doc. No. 114.

[3]Doc. No. 122.

I.    <u>Evidence Disputing Existence of Contract</u>.

Premcor contends that evidence offered by Flash Oil to dispute the existence of a contract -- the Carrier Responsibility Agreement ("CRA") -- between the parties should be excluded.[4] Flash Oil responded that it does not intend to introduce evidence disputing the existence or enforceability of the contract embodied by the CRA.[5] Premcor's Motion on this point is GRANTED. Flash Oil may preserve its record for appeal on this issue.

II.   <u>Evidence About Tim Henry's Alleged Occasional Use of Marijuana and Theft</u>.

Premcor asks the Court to exclude evidence related to allegations that Tim Henry occasionally uses marijuana, and about an allegation that Mr. Henry had committed theft.[6] Flash Oil contends it should be allowed to introduce evidence of Mr. Henry's drug use because that evidence goes to his employability and alternate reasons why Mr. Henry lost wages.[7] Even if this information has some probative value on this point, the probability of substantial prejudice outweighs the probative value. Evidence of Mr. Henry's alleged occasional use of marijuana is excluded. Flash Oil does not intend to offer evidence of Mr. Henry's criminal record, so Premcor's Motion on this issue is GRANTED.[8]

---

[4]Doc. No. 105.

[5]Doc. No. 111.

[6]Doc. No. 105.

[7]Doc. No. 111.

[8]*Id.*

III.     Evidence Concerning the Reasonableness of the Settlement and Attorneys' Fees.

A.     Settlement and Attorneys' Fees

Flash Oil points out that a third-party plaintiff must show that it entered into a settlement agreement under legal compulsion, not simply as a volunteer, which brings into question Premcor's liability to Henry.[9] Flash Oil asserts that it should be allowed to present evidence regarding the necessity and reasonableness of the settlement, as well as evidence questioning Premcor's liability to Mr. Henry. Premcor maintains that "the law does not permit Flash Oil to question 'Premcor's liability to Henry.'"[10]

When an indemnitor denies liability and refuses to take up the defense of a case, and the indemnitee settles with the plaintiff, the indemnitee "must show that its settlement was reasonable and made in good faith" in order to obligate an indemnitor.[11]  To determine reasonableness, the fact finder generally compares the size of the settlement to the nature of the injury, the damages incurred, potential exposure at trial, and whether the settlement was made at arm's length.[12] In Arkansas, the trier of fact may find that when a party faces exposure at trial, the party does not act as a volunteer when it enters into a settlement agreement.[13]

---

[9]*Id.*

[10]Doc. No. 114.

[11]*Burlington Northern, Inc. v. Hughes Bros., Inc.*, 671 F.2d 279, 282 (8th Cir. 1982); *Jean-Pierre, M.D. v Plantation Homes of Crittendon Co.*, 89 S.W.3d 337 (Ark. 2002).

[12]*Id.*

[13]See *Jean-Pierre, M.D. v Plantation Homes of Crittendon Co.*, 89 S.W.3d 337 (Ark. 2002); *Emcasco Ins. Co. v. State Auto Property and Casualty Ins. Co.*, No. CA98-731, 1999 Ark. App. Lexis 59 (Ark. Ct. App. Feb. 3, 1999).

In an Order that I adopted, Magistrate Judge Young wrote:

> [t]he Court understands the motion for partial summary judgment to request a limited ruling that Flash is liable on the indemnity claim. The motion does not request a ruling on whether Flash must pay damages. The issue of damages would remain . . . based upon the proof at trial of whether the settlement paid by Premcor was reasonable and the amount of attorneys' fees due to Premcor. Our narrow inquiry is whether, under the language of the Agreement, Flash is liable on the indemnity claim.[14]

The Order found Flash Oil liable on the indemnity claim. Whether Flash Oil must pay depends on whether the settlement with Mr. Henry was reasonable.

Premcor's Motion on this issue is GRANTED. At trial, Flash Oil will be limited to presenting evidence regarding whether Premcor's settlement with Mr. Henry was reasonable and made in good faith. Flash Oil will not be permitted to introduce evidence which attempts to apportion fault.

B. <u>Jury or Bench Trial</u>

Premcor asserts that the reasonableness of the settlement agreement and attorneys' fees are questions for the Court, not a jury.[15] Flash Oil initially agreed,[16] but then in its Motion to Clarify[17] asserted that these issues are for a jury to decide.[18]

The reasonableness of the settlement agreement will be tried to a jury. The reasonableness of attorneys' fees will be decided by the Court.

---

[14]Doc. Nos. 101, 112.

[15]Doc. No. 105.

[16]Doc. No. 111.

[17]Doc. No. 120.

[18]*Id.*

4

IV.    <u>Evidence Regarding Workers Compensation and Any Collateral Source of Recovery</u>.

Premcor asks the Court to exclude evidence about Mr. Henry's workers compensation or claims, and any other collateral source of recovery. Flash Oil contends that the Court should allow this evidence to be presented, because it goes to reasonableness and "surely counsel for Premcor would have considered this information when negotiating a settlement."[19]

Under the collateral source rule, evidence of recovery by an injured person from sources other than the tortfeasor is inadmissible, unless that evidence is relevant for some purpose other than the mitigation of damages.[20] Mr. Henry's workers' compensation records and claims, as well as any other sources of recovery received by Mr. Henry, are collateral sources that would normally be inadmissible under the collateral source rule. Flash Oil maintains that evidence of these collateral recoveries should be considered in determining the reasonableness of the settlement agreement. I disagree. Considering the public policy behind the collateral source rule,[21] that evidence of Mr. Henry's collateral source recoveries would not be admissible in a jury trial, and that Premcor would not have considered collateral sources in evaluating potential liability at trial, Flash Oil may not present evidence that is inadmissible under the collateral source rule.

---

[19]Doc. No. 11.

[20]*Montgomery Ward & Co. v. Anderson*, 976 S.W.2d 382, 383 (1998).

[21]See *id* at 385 ("[T]he general rule is that 'payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.'") (internal citation omitted).

V.    Premcor's Trial Counsel as Witnesses at Trial.

Premcor asks the Court to prohibit Flash Oil from calling Premcor's trial counsel to testify as to the reasonableness of attorneys' fees.[22] Premcor asserts its trial counsels' testimony is not necessary because: (1) expert witnesses for both sides have already stated opinions on attorneys' fees without the testimony of trial counsel; (2) that the applicable portion of the CRA entitles Premcor to actual attorneys' fees, rather than reasonable attorneys' fees; (3) that forcing Premcor's trial counsel to testify could lengthen and complicate the case; and (4) "care must be taken to prevent trial counsel from being viewed as both an advocate and a witness at the same trial."[23]

Flash Oil maintains the testimony from Premcor's trial counsel is relevant for determining the reasonableness of attorneys' fees, as well as the reasonableness of the settlement between Premcor and Mr. Henry.

Considering the December 7, 2009, Order allowing Flash Oil's counsel to depose Premcor's counsel, Premcor's Motion is DENIED without prejudice on this point.

IT IS SO ORDERED this 11th day of January, 2010.


                                        /s/Wm. R. Wilson, Jr.
                                        UNITED STATES DISTRICT JUDGE

---

[22]Doc. No. 105.

[23]*Id.*

6