# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**TIM HENRY**                                                                    **PLAINTIFF**

**v.**                                        **3:07CV00158 WRW**

**THE PREMCOR REFINING GROUP, INC.**                           **DEFENDANT**

---

**THE PREMCOR REFINING GROUP, INC.**              **THIRD-PARTY PLAINTIFF**

**v.**

**FLASH OIL COMPANY OF ARKANSAS, INC.**          **THIRD-PARTY DEFENDANT**

## ORDER

Pending is Third-Party Defendant's ("Flash Oil") Motion to Clarify (Doc. No. 123).

Third-Party Plaintiff ("Premcor") has responded.[1] Flash Oil's Motion is GRANTED, in that the

Court interprets Paragraph 3 of the Carrier Responsibility Agreement below.

Flash Oil asks the Court to clarify the proper interpretation and application of the

indemnity clause of Paragraph 3 and to hold that Paragraph 3 does not require, as a matter of

law, Flash Oil to indemnify Premcor for Premcor's own negligence.

Paragraph 3 reads:

(3) In consideration of the rights and privileges herein granted, User [Flash Oil]
hereby indemnifies Premcor and agrees to hold it harmless from and against any
and all claims, demands, causes of action, damages, suits, costs, losses or
expenses of any kind or character, including actual attorney's fees, arising out of,
or in connection with, the exercise by User [Flash Oil] and Agents of the privileges
herein granted, unless caused by the sole negligence of Premcor.

---

[1]Doc. No. 126.

Flash Oil asserts that "[p]utting aside for the moment the issue of Premcor's 'sole negligence,' the threshold issue is whether . . . Paragraph 3 <u>requires</u> Flash [Oil] to indemnify Premcor for Premcor's own negligence."[2] Flash Oil contends that the language of Paragraph 3 is not clear and unequivocal enough, under Arkansas law, to obligate Flash Oil for Premcor's own negligence.[3] Flash Oil's argument centers around Paragraph 3 not including language that "indemnification is required relative to other degrees of negligence."[4]

In *Pickens-Bond Construction Company v. North Little Rock Electric Co.*,[5] the Arkansas Supreme Court considered the following indemnity clause:

> Party of the second part shall be responsible for his own work and every part thereof, and all of the work of every description used in connection therewith. He shall specifically and distinctly assume, and does assume, all risks of damage or injury from whatever cause to property or persons used or employed on or in connection with his work, and of all damage or injury from any cause to property wherever located, resulting from any action or operation under this sub-contract or in connection with his work, and undertake and promise to protect and defend the party of the first part against all claims on account of any such damage or injury.[6]

The court found, based on the language "from whatever cause," that the indemnity clause covered all situations, unless that caused by the indemnitee's own sole negligence.[7] The Court explained:

---

[2]Doc. No. 124.

[3]*Id.*

[4]*Id.*

[5]249 Ark. 389, 391 (Ark 1970).

[6]*Id.*

[7]*Id.* at 394.

It is quite a different matter, however, where there was no negligence on the part of the general contractor, or where his negligence is only a concurring cause. If we held that the general contractor was not indemnified under this clause in those situations, then the clause would be virtually meaningless.[8]

Under the indemnity clause in this case, Flash Oil agreed to indemnify Premcor "against *any and all* claims, demands, causes of action, damages, suits, costs, losses or expenses *of any kind or character* . . . *arising out of, or in connection with*, the exercise by User [Flash Oil] and Agents of the privileges herein granted . . . . "  The language in this indemnity clause, like the "from whatever cause" language in *Pickens*, unequivocally shows Flash Oil's intention to obligate itself, even for Premcor's own negligence. Paragraph 3 here makes it clear that Flash Oil is, however, not obligated if the claims, demands, causes of action, damages, suits, costs, losses or expenses are caused by Premcor's <u>sole</u> negligence.

Both *Nabholz Construction Company v. Graham*[9] and *Chevron U.S.A. Inc. v. Murphy Exploration & Production Company*[10] -- cases on which Flash Oil relies heavily in support of its argument that the indemnity agreement here is ambiguous -- cite *Pickens*.

A September 29, 2009, Order adopted Magistrate Judge Young's partial report and recommendations.[11] Judge Young interpreted paragraph 3 to mean that "Flash [Oil] would not be responsible for any indemnification if Premcor was solely negligent. However, if a claim arose that was not wholly attributable to Premcor, the Agreement indicates that Flash [Oil] would be

---

[8]*Id*. at 401. While the court in *Pickens* discussed indemnity in the context of general contractor and subcontractor, the theory is applicable in this case, as well.

[9]319 Ark. 396 (1995).

[10]356 Ark. 324 (2004).

[11]Doc. No. 112.

responsible for total indemnification, including actual attorney fees."[12] I agree with this interpretation.

IT IS SO ORDERED this 27th day of January, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12]Doc. No. 101.